IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHEILA HARDRICK, | ) CASE NO. 1:25-CV-00472-DAP |
| Plaintiff, | ) |
| | ) DAN AARON POLSTER |
| v. | ) UNITED STATES DISTRICT JUDGE |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) MAGISTRATE JUDGE |
| | ) JENNIFER DOWDELL |
| Defendant. | ) ARMSTRONG |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff Sheila Hardrick ("Ms. Hardrick") seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). (*See* ECF non-document entry dated March 11, 2025). For the reasons set forth below, I RECOMMEND that the Court AFFIRM the Commissioner's final decision.

## II. PROCEDURAL HISTORY

On December 21, 2022, Ms. Hardrick filed her applications for DIB and SSI, alleging an onset date of April 5, 2019. (Tr. 176, 180). Ms. Hardrick's applications related to her musculoskeletal problems, hypertension, and back problems. (Tr. 206).

The Social Security Administration ("SSA") denied Ms. Hardrick's applications initially and upon reconsideration. (Tr. 53-54, 67, 82). Ms. Hardrick requested a hearing before an administrative law judge ("ALJ"). (Tr. 99). The ALJ held a hearing on September 26, 2023, at

1

which Ms. Hardrick was represented by counsel. (Tr. 30). Ms. Hardrick testified, as did an independent vocational expert ("VE"). On February 12, 2024, the ALJ issued a written decision, finding that Ms. Hardrick was not disabled. (Tr. 11). The ALJ's decision became final on January 30, 2025, when the Appeals Council declined further review. (Tr. 1).

On March 10, 2025, Ms. Hardrick filed her Complaint, challenging the Commissioner's final decision. (ECF No. 1). Ms. Hardrick asserts the following assignment of error:

(1) The ALJ relied on an improper classification by the vocational expert of Plaintiff's cleaning work for Quicken Loans Are[n]a as a cleaner, housekeeping DOT 323.687-014, rather than properly classifying this work as a cleaner, commercial or institutional, DOT 381.687-014.

(ECF No. 10, PageID # 937).

### III. BACKGROUND

#### A. Personal, Educational, and Vocational Experience

Ms. Hardrick was born in 1963 and was 57 years old on her date last insured. (Tr. 176). She is married and has no minor children. (Tr. 177). Ms. Hardrick has prior work experience in several positions as a cleaner. (Tr. 35-38).

#### B. Relevant Hearing Testimony[1]

##### 1. *Ms. Hardrick's Testimony*

Ms. Hardrick testified that she worked several different cleaning jobs, including a position at Quicken Loans Arena. (Tr. 35-38). She testified that her work at Quicken Loans Arena did not involve cleaning the public areas, but rather the executive offices and the common areas on the executive floors. (Tr. 38). She testified that she lifted between 30 and 50 pounds in that job. *Id*.

##### 2. *Vocational Expert's Testimony*

The VE testified that most of Ms. Hardrick's cleaning positions were classified as medium

---

[1] Ms. Hardrick challenges only the ALJ's Step Four finding that she could perform her past work as a cleaner at Quicken Loans Arena. She does not raise any arguments regarding the ALJ's treatment of the medical evidence or medical opinion evidence. Accordingly, I limit my discussion to evidence regarding Ms. Hardrick's past work.

2

or heavy work positions. (Tr. 49). However, the VE also testified that Ms. Hardrick's job at Quicken Loans Arena was properly classified as a "cleaner, housekeeping," Dictionary of Occupational Titles ("DOT") code 323.687-014. *Id*. The VE further testified that the DOT classified that position as light work as generally performed and as medium work as Ms. Hardrick actually performed it. *Id*.

### IV. THE ALJ'S DECISION

The ALJ first determined that Ms. Hardrick met the insured status requirements of the Social Security Act through September 30, 2020. (Tr. 17). The ALJ next determined that Ms. Hardrick had not engaged in substantial gainful activity since April 5, 2019, the alleged onset date. *Id*. The ALJ further determined that Ms. Hardrick had the following severe impairments beginning on the alleged onset date: Bertolotti's syndrome, fusion of the sacrococcygeal region, and degenerative changes of the left hip. *Id*. The ALJ also determined that Ms. Hardrick had the following additional impairments beginning on her application filing date: asthma, emphysema, pulmonary nodules, degenerative changes of the bilateral hips, degenerative changes of the bilateral sacral iliac and pubic symphysis, lumbar spondylosis, radiculopathy, and degenerative changes with lumbosacral neuritis. *Id*. However, the ALJ determined that none of Ms. Hardrick's severe impairments, whether considered singly or in combination, met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I. (Tr. 18).

The ALJ next determined that Ms. Hardrick had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs, balance, kneel, or crouch. She can occasionally stoop and crawl. She can never climb ladders, ropes, or scaffolds. She should never be exposed to unprotected heights, dangerous moving mechanical parts. She can frequently be exposed to extreme cold, extreme heat, humidity, as well as dust, odors, fumes, and pulmonary irritants.

3

(Tr. 20).

The ALJ further determined that, while Ms. Hardrick was not able to perform her past relevant work as a cleaner, institutional or a cleaner, hospital, she was able to perform her past relevant work as a cleaner, housekeeping. (Tr. 25). Accordingly, the ALJ found that Ms. Hardrick was not disabled. *Id*.

V.     **LAW & ANALYSIS**

   A.     **Standard of Review**

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 Fed. Appx. 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)); *see also* 42 U.S.C. § 405(g).

"Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quotation omitted). The standard for "substantial evidence" is "not high." *Id*. While it requires "more than a mere scintilla," "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted).

In addition to considering whether substantial evidence supports the Commissioner's decision, the Court must determine whether the Commissioner applied proper legal standards. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations

4

is grounds for reversal. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)) (alteration in original).

### B. Standard for Disability

To establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315, 404.1505(a). A disabled claimant may also be entitled to receive SSI benefits. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.[2]

Consideration of disability claims follows a five-step review process. 20 C.F.R. §404.1520. First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b).

---

[2] The DIB and SSI regulations cited herein are generally identical. Accordingly, for convenience, in some instances, citations to the DIB and SSI regulations regarding disability determinations will be made to the DIB regulations found at 20 C.F.R. § 404.1501 *et seq*. The analogous SSI regulations are found at 20 C.F.R. § 416.901 *et seq*., corresponding to the last two digits of the DIB cite (*e.g.*, 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education, or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d).

Before considering Step Four, the ALJ must determine the claimant's residual functional capacity, *i.e.*, the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, the claimant is not disabled if other work exists in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbott*, 905 F.2d at 923.

    **C.**   **<u>Analysis</u>**

In her sole assignment of error, Ms. Hardrick argues that the ALJ erred at Step Four of the sequential evaluation process when the ALJ determined that she could perform her past work as a cleaner at Quicken Loans Arena. In particular, she argues that the VE misclassified her work at Quicken Loans Arena as a cleaner, housekeeping, rather than a cleaner, commercial or cleaner, institutional. Ms. Hardrick further argues that a commercial or institutional cleaner performs work

6

at the heavy exertional level, and thus that she could not perform the position given her RFC. Finally, Ms. Hardrick argues that, given her age and lack of transferrable skills, if she could not perform her past work at Quicken Loans Arena, there are no other jobs in the national economy that she could perform, and the ALJ would have been required to find that she was disabled.

The Commissioner responds that the ALJ adequately addressed any alleged inaccuracies in the VE's testimony when the ALJ asked the VE if her testimony was consistent with the DOT. The Commissioner also argues that, if Ms. Hardrick's counsel believed the VE was misclassifying her work at Quicken Loans Arena, counsel had an obligation to question the VE about the alleged error at the hearing. The Commissioner's arguments are well-taken.

Social Security Ruling ("SSR") 00-4p provides that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at *2 (Dec. 4, 2000). SSR 00-4p further provides that the ALJ must "inquire, on the record, as to whether or not there is such consistency." *Id*. As the Sixth Circuit has held, SSR 00-4p provides that an ALJ must "resolve the conflict by determining if the explanation given by the expert is reasonable and provides a basis for agreeing with the expert rather than the DOT information." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

Crucially, however, "the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). Rather, "[t]his obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT." *Id*.; *see also Lantz v. Comm'r of Soc. Sec.*, No. 5:20-cv-2817, 2022 WL 94113, at *15 (N.D. Ohio Jan. 10, 2022) (holding that, under Sixth Circuit law, ALJ question regarding whether VE testimony was

7

consistent with DOT was "enough to discharge his duty under SSR 00-4p to inquire into any inconsistencies with the DOT"). Thus, "[w]hen a plaintiff neither objects to a VE's testimony during the administrative hearing nor obtains permission from the ALJ to allow a post-hearing brief making such an objection, that plaintiff waives the right to subsequently object to that testimony . . . ." *Brown v. Comm'r of Soc. Sec.*, No. 3:22 CV 1258, 2023 WL 5765875, at *2 (N.D. Ohio Sept. 7, 2023) (citation and quotations omitted).

Here, the VE testified that Ms. Hardrick's position at Quicken Loans Arena was classified as a cleaner, housekeeping, which is generally performed at the light exertional level. (Tr. 49). The ALJ fulfilled her obligation under SSR 00-4p during the hearing to examine the VE's testimony when she asked the VE if her testimony was consistent with the DOT. (Tr. 51). The VE responded that it was. *Id*. Ms. Hardrick's counsel did not ask any questions regarding the VE's classification of Ms. Hardrick's work at Quicken Loans Arena and, in fact, did not ask any questions of the VE at all. *Id*.

The failure of Ms. Hardrick's counsel to question the VE during the administrative hearing is fatal to her argument in this proceeding. *See Martin*, 170 F. App'x at 374 ("Because [claimant] did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved."); *Taylor v. Comm'r of Soc. Sec.*, No. 1:16CV2707, 2017 WL 6210821, at *8 (N.D. Ohio Nov. 17, 2017), *report and recommendation adopted*, 2017 WL 6028209 (N.D. Ohio Dec. 5, 2017) ("Because [claimant] did not bring the alleged inconsistency . . . to the attention of the ALJ, the ALJ could rely upon the VE's testimony and did not need to explain how any alleged inconsistency was resolved."); *Chad M. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1215, 2024 WL 1930748, at *7 (S.D. Ohio May 1, 2024) ("This Court declines to review Plaintiff's new challenge to the VE's classification of his past work as a 'commercial cleaner.' Plaintiff's failure to raise the issue by questioning the VE at the hearing constitutes a waiver of any such claim.").

In her reply brief, Ms. Hardrick cites two cases from the Eastern District of Michigan, *Piersante v. Commissioner of Social Security*, No. 13-11079, 2014 WL 1048157 (E.D. Mich. Mar. 18, 2014), and *Underwood v. Commissioner of Social Security*, No. 12-12633, 2013 WL 3851002 (E.D. Mich. July 25, 2013), for the proposition that an ALJ must conduct an independent investigation under SSR 00-4p even where counsel does not object to a VE's classification of past work at the administrative hearing. However, in light of the Sixth Circuit's holding that an ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry that SSR 00-4p mandates, *see Beinlich*, 345 F. App'x at 168, I am more persuaded by the decisions from this district holding that a claimant waives objections to the VE's testimony by failing to raise them at the hearing. Thus, regardless of whether the VE was incorrect when the VE classified Ms. Hardrick's position at Quicken Loans Arena as a cleaner, housekeeping, the VE's testimony constituted substantial evidence supporting the ALJ's conclusion that Ms. Hardrick could perform her past work. Ms. Hardrick's sole assignment of error is without merit.

## VI. CONCLUSION

Based on the foregoing, I RECOMMEND that the Court AFFIRM the Commissioner's final decision.

Dated: November 17, 2025

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## VII. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written

> objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).