IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA HARDRICK, | ) | Case No. 1:25-CV-00472 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **ORDER & OPINION** |
| Defendant. | ) | |

On March 10, 2025, Plaintiff Sheila Hardrick filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF 1. The Court referred the case to Magistrate Judge Jennifer Dowdell Armstrong for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Armstrong recommends the Court affirm the decision of the Commissioner. ECF 14.

Hardrick filed an objection on December 1, 2025, raising one assignment of error—that the Magistrate Judge erred in finding that the administrative law judge ("ALJ") was not required to *sua sponte* investigate an alleged conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). ECF 15. The Commissioner filed a response on December 12, 2025. ECF 16. The Court has reviewed the record, the briefings, the R&R, Hardrick's objection, and the Commissioner's response. Because no conflict between the VE's

testimony and the DOT regarding the classification of Hardrick's job at (then) Quicken Loans Arena was made apparent to the ALJ, the ALJ was not required to *sua sponte* or otherwise resolve the alleged conflict. The Commissioner's decision to deny DIB and SSI was supported by substantial evidence, so the Court overrules Hardrick's objection and adopts Magistrate Judge Armstrong's R&R. Accordingly, the Court **AFFIRMS** the ALJ's decision and **DISMISSES** the case, with prejudice.

**I.      Background**

Hardrick filed her DIB and SSI applications on December 21, 2022, alleging a disability onset date of April 5, 2019. Her application was denied initially and upon reconsideration. She the requested a hearing before an ALJ. Tr. at 99.[1] The ALJ held a hearing on September 26, 2023, where Hardrick appeared with counsel. Tr. at 30. Both Hardrick and an independent VE testified at the hearing. *Id.* On February 12, 2024, the ALJ issued a written decision, finding that Hardrick was not disabled. Tr. at 11. The Appeals Council declined further review on January 30, 2025, allowing the ALJ's decision to become final. Tr. at 1.

At the ALJ hearing, Hardrick testified that she had worked several different cleaning jobs in the past, including a position at (what was then known as) Quicken Loans Arena. Tr. at 35-38. She testified that her work at Quicken Loans Arena was not in the public concourse or seating areas, but rather in the executive offices and the common areas on the executive floors. Tr. at 38. As part of her responsibilities in that role, she testified that she lifted between 30 and 50 pounds. *Id.*

---

[1] The transcript of proceedings before the Social Security Administration ("SSA") is at ECF 8. All page references to the transcript refer to the SSA's numbering in the lower-right corner, and not the ECF PageID number added to the header upon filing with this Court.

The VE testified that most of Hardrick's cleaning positions were classified as medium or heavy work positions. Tr. at 49. However, Hardrick's job at Quicken Loans Arena, the VE testified, was properly classified as "cleaner, housekeeping," DOT code 323.687-014. *Id.* The VE further testified that the DOT classified that position as light work as generally performed, and as medium work as Hardrick actually performed it. *Id.* When the ALJ asked the VE if her testimony was consistent with the DOT, the VE testified that it was. Tr. at 51.

## II.     Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

**III.     Law and Analysis**

Hardrick asserted just one issue to be decided by this Court—whether the ALJ was required to *sua sponte* investigate an alleged conflict between the VE's testimony and the DOT.[2] Social Security Ruling ("SSR") 00-4p provides that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." 2000 WL 1898704, at *2 (Dec. 4, 2000). SSR 00-4p further provides that the ALJ must "inquire, on the record, as to whether or not there is such consistency." *Id.* As the Sixth Circuit has held, SSR 00-4p provides that an ALJ must "resolve the conflict by determining if the explanation given by the expert is reasonable and provides a basis for agreeing with the expert rather than the DOT information." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)

During the hearing, the VE testified that the Quicken Loans Arena job was classified as "cleaner, housekeeping," DOT code 323.687-014. Tr. at 49. Hardrick contends, however, that, based on her "self-reported job description," her work at Quicken Loans Arena should instead be classified as "cleaner, commercial or industrial," DOT code 381.687-014. ECF 15 at 2. A commercial or industrial cleaner, according to Hardrick, performs work at the heavy exertional level, meaning that she could not perform the position given her residual functional capacity ("RFC"). Yet when the VE testified at the hearing that the Quicken Loans Arena job was "cleaner, housekeeping," neither Hardrick nor her counsel challenged that testimony. In fact, Hardrick's

---

[2] Hardrick only challenges the ALJ's Step Four finding that she could perform her past work as a cleaner at Quicken Loans Arena. She does not challenge the ALJ's determinations regarding medical evidence or medical opinion evidence. Accordingly, this Court will only discuss the responsibilities of the ALJ at Step Four.

5

counsel not only failed to ask any questions regarding the VE's classification of the Quicken Loans Arena job, but Hardrick's counsel did not ask <u>any</u> questions of the VE at all. Tr. at 51.

Ordinarily, "[w]hen a plaintiff neither objects to a VE's testimony during the administrative hearing nor obtains permission from the ALJ to allow a post-hearing brief making such an objection, that plaintiff waives the right to subsequently object to that testimony . . . ." *Brown v. Comm'r of Soc. Sec.*, No. 3:22-cv-1258, 2023 WL 5765875, at *2 (N.D. Ohio Sept. 7, 2023) (citation and quotations omitted). This would mean that the failure of Hardrick's counsel to question the VE during the administrative hearing would preclude Hardrick from raising the issue before this Court. Hardrick argues that this is not the case for two reasons.

First, Hardrick attempts to shift the burden of raising the apparent conflict to the Commissioner. She states that because the Commissioner "does not contend that the VE classified [the Quicken Loans Arena job] correctly . . . there appears to be implicit acknowledgement . . . that the ALJ improperly classified" the Quicken Loans Arena job. ECF 15 at 2. She argues that her case is "factually indistinguishable" from the case in *Piersante*, where the court remanded the matter for further determination of the petitioner's past relevant work after determining that the Commissioner "implicitly acknowledge[d] that Plaintiff's past relevant work was improperly classified by not arguing otherwise." ECF 15 at 2 (quoting R&R, *Piersante v. Comm'r of Soc. Sec.*, No. 13-11079, 2014 WL 1048157, at *16 (E.D. Mich. Mar. 18, 2014)). And, as in Hardrick's case, the petitioner in *Piersante* did not challenge the VE's testimony at the hearing. *Id.* (quoting R&R, *Piersante*, 2014 WL 1048157, at *16).

However, contrary to Hardrick's argument, *Piersante* is inapplicable and unpersuasive. As the Commissioner points out, *Piersante* is an unpublished district court opinion that finds "no support in either Sixth Circuit case law or in SSR 00-4p." ECF 16 at 4. Indeed, the court in

6

*Piersante* even acknowledges that it is going against the weight of Sixth Circuit case law concluding that "an administrative law judge need not conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge." Order Adopting R&R, *Piersante*, 2014 WL 1048157, at *4 (quotation omitted). And to the extent the *Piersante* court was correct to do so, it was only because the conflict between the petitioner's job as he performed it and the VE's classification under the DOT was so apparent that the ALJ's failure to investigate the conflict "casts doubt on the evidence the ALJ relied on to make his determination." *Id.* (quotation omitted). By contrast, as described, *infra*, any alleged conflict between Hardrick's self-description of the Quicken Loans Arena job and the VE's classification of it under the DOT was not apparent.

This brings the Court to Hardrick's second argument—that the ALJ failed to properly fulfill her responsibility to "[i]dentify and obtain a reasonable explanation for any conflicts" between the VE's testimony and the DOT before relying on the VE's testimony. SSR 00-4p, 2000 WL 1898704, at *1; ECF 15 at 3-5. In Hardrick's view, "an ALJ's obligation to identify conflicts is not satisfied simply by asking the VE about conflicts and the VE identifying none in reply." ECF 15 at 4. Rather, Hardrick argues, the ALJ has an affirmative duty "to assess the VE's evidence for conflicts the VE did not identify, but appear to be present regardless" because the ALJ "must explain the resolution of the conflict 'irrespective of how the conflict was identified.'" *Id.* at 4-5 (quoting SSR 00-4p, 2000 WL 1898704, at *4).

Yet the Sixth Circuit has made clear that "[t]he ALJ is not required to affirmatively 'conduct an independent investigation into the testimony of witnesses to determine if they are correct.'" *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013) (emphasis added)

7

(quoting *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)). Rather, the ALJ is only required to "inquire, on the record, as to whether or not there is such consistency" between the VE's testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *2; *see also Johnson*, 535 F. App'x at 508 (holding that the ALJ satisfies her duty "to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs and information in the DOT if he or she asks the VE whether his or her testimony is consistent with the DOT" (cleaned up) (quotation omitted)). If the VE does not self-identify any conflict, as was the case here, then "[t]his obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). Thus, regardless of whether or not there really was such a conflict, "[t]he failure of Ms. Hardrick's counsel to question the VE during the administrative hearing is fatal to her argument in this proceeding." R&R, ECF 14 at 8; *cf. Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (noting that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing").

Hardrick's attempts to identify conflicts now on appeal are irrelevant, as any alleged error by the ALJ is harmless because no conflicts exist between the VE's testimony and the DOT. *See Johnson*, 535 F. App'x at 508 (citing *Poppa v. Astrue*, 569 F.3d 1167, 1174 (10th Cir. 2009)). In her work history report, Hardrick described the Quicken Loans Arena job as requiring her to "clean executive offices, remove trash from bins[,] sanitize and[] disinfect desk, vacuum floors[,] [and] clean rest room," including "moping [and] sweeping floors[, and] cleaning sinks and toilets." Tr. at 217. In the DOT, "cleaner, housekeeping," code 323.687-014 is defined as:

8

> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).

This description incorporates, by reference, any of the duties under "CLEANER (any industry) I Master Title." That section includes:

> Maintains premises of commercial, institutional, or industrial establishments, office buildings, hotels and motels, apartment houses, retirement homes, nursing homes, hospitals, schools, or similar establishments in clean and orderly condition, performing the following duties: Cleans rooms, hallways, lobbies, lounges, rest rooms, corridors, elevators, stairways, and locker rooms and other work areas. Sweeps, scrubs, waxes, and polishes floors, using brooms and mops and powered scrubbing and waxing machines. Cleans rugs, carpets, upholstered furniture, and draperies, using vacuum cleaner. Dusts furniture and equipment. Polishes metalwork, such as fixtures and fittings. Washes walls, ceiling, and woodwork. Washes windows, door panels, and sills. Empties wastebaskets, and empties and cleans ashtrays. Transports trash and waste to disposal area. Replenishes bathroom supplies. Replaces light bulbs. Classifications are made according to type of establishment in which work is performed. Typical classifications are CLEANER, COMMERCIAL OR INSTITUTIONAL (any industry); CLEANER, HOSPITAL (medical ser.); CLEANER, HOUSEKEEPING (any industry); CLEANER, INDUSTRIAL (any industry); HOUSECLEANER (hotel & rest.).

Between [cleaner, housekeeping], code 323.687-014, and "CLEANER I Master Title," all the duties that Hardrick described for the Quicken Loans Arena job are included. Hardrick's argument that the "maximum weights" for the "cleaner, housekeeping" and "cleaner, commercial or institutional" are different is unavailing. It is irrelevant that the specific terminology in the DOT may not line up exactly with how the VE and/or Hardrick testified. *See Beinlich*, 345 F. App'x at

9

\*\*3-4 (where the VE's description of jobs was allegedly inconsistent with their respective DOT description, "[t]he fact that some occupations with the terms 'office clerk,' 'inspector,' and 'tester' were listed in the DOT with different levels of skill and exertion does not change the result" that petitioner's argument was without merit (citing *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009))). "[T]he mere fact that the DOT does not list occupations with those precise terms" or exact performance specifications "does not establish that they do not exist." *Id.* at \*4. "The function of the VE is to advise the ALJ of jobs found among various categories of employment which the plaintiff can perform with her limitations," and that is precisely what the VE did in Hardrick's case. *Id.*

Hardrick does not challenge the ALJ's characterization of her RFC. Nor does she challenge the ALJ's reliance on the VE's testimony that someone with Hardrick's RFC could perform the duties of "cleaner, housekeeping," code 323.687-014. Rather, Hardrick only argues that this occupation does not appropriately classify her past work. Since the Court finds there is no conflict between the VE's testimony and the DOT, this argument fails. Accordingly, after reviewing the record, the Court finds that the ALJ's decision is supported by substantial evidence.

### IV. Conclusion

After considering the arguments raised and the underlying record, the Court hereby OVERRULES Hardrick's objection. Magistrate Armstrong's R&R is ADOPTED and this case is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

Dated: December 22, 2025

*s/Dan Aaron Polster*
United States District Judge